Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Katherine Diane Kleve, Bar No. 8-7278
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-7083
(307) 777-8920 Facsimile
tim.miller@wyo.gov
katherine.kleve@wyo.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| KEITH ALLEN RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-CV-31-KHR |
| | ) |
| WYOMING DEPARTMENT OF CORRECTIONS, et. al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
**PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983**

Defendants Wyoming Department of Corrections ("WDOC") and Wyoming State Penitentiary ("WSP") submit the following memorandum in support of their motion to dismiss.

### I. PRELIMINARY STATEMENT

In his amended complaint, *pro se* plaintiff Keith Allen Rhodes amended his state-law negligence action to a civil rights action under 42 U.S.C. § 1983. (ECF No. 15). The defendants are two state entities, WDOC and WSP.[1] (*See* ECF No. 15 at 2). Rhodes's claim arises from an

---

[1] WDOC and WSP are the only named defendants in this case. (*See* ECF No. 15 at 1).

alleged accident during his discharge from WSP. (*Id*. at 3). Specifically, Rhodes asserts defendants' negligence violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id*. at 2).

For the reasons set forth below, the Court should dismiss the amended complaint with prejudice. To begin with, the Court does not have subject matter jurisdiction over the defendants, two state governmental entities, based on the Eleventh Amendment. Moreover, the defendants are not "persons" under § 1983 and thus are not subject to liability under that statute. Finally, a negligence claim cannot be brought pursuant § 1983. Accordingly, Rhodes's amended complaint should be dismissed.

## II. LEGAL STANDARD

### Rule 12(b)(1)

WDOC and WSP have moved to dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, which authorizes the Court to dismiss for lack of subject-matter jurisdiction. Rule 12(b)(1) motions take two forms – facial challenges to subject-matter jurisdiction and factual challenges to subject-matter jurisdiction. *See United States v. Rodriguez-Aguirre,* 264 F.3d 1195, 1203 (10th Cir. 2001). The WDOC and WSP are making facial challenges to subject-matter jurisdiction based Eleventh Amendment immunity in this case. *See Richeson v. Weiser*, No. 22-1383, 2023 WL 2003396, at *1 (10th Cir. Feb. 15, 2023) (unpublished) ("An effectively raised Eleventh Amendment defense deprives a court of subject-matter jurisdiction.") (citing *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001)). Consequently, the Court accepts the allegations of the complaint as true. *Id.*

2

**Rule 12(b)(6)**

WDOC and WSP have also moved to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, which requires dismissal where the complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In applying this standard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. ARGUMENT

**A.      THIS ACTION IS BARRED BY ELEVENTH AMENDMENT IMMUNITY.**

"The Eleventh Amendment states, 'The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Williams v. Utah Dep't of Corr.,* 928 F.3d 1209, 1212 (10th Cir. 2019) (quoting U.S. Const. amend XI). "Once effectively asserted, Eleventh Amendment immunity constitutes a bar to the exercise of federal subject matter jurisdiction." *Id.* (internal brackets omitted).

"The Supreme Court has interpreted the Eleventh Amendment to mean '[s]tates may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity.'" *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n,* 611 F.3d 1222, 1227 (10th Cir. 2010) (quoting *Green v. Mansour,* 474 U.S. 64, 68 (1985)). "This prohibition encompasses suits against

3

state agencies." *Id.* As this Court has recognized, WDOC is a state agency protected by Eleventh Amendment immunity. *Halcomb v. Wyoming Dep't of Corr.,* No. 20-CV-241-SWS, 2021 WL 7211093, at *3 (D. Wyo. Oct. 1, 2021). As a state correctional facility, WSP is likewise immune from suit under the Eleventh Amendment. *Davis v. Bruce,* 129 F. App'x 406, 408 (10th Cir. 2005).

Moreover, neither exception to Eleventh Amendment immunity – waiver or abrogation – applies to § 1983 claims. In that regard, this Court has held that the State of Wyoming has not waived its immunity in civil rights actions brought under 42 U.S.C. § 1983. *Pearson v. Weischedel,* No. 2:09-CV-00084-CAB, 2010 WL 11618800, at *2 (D. Wyo. Sept. 9, 2010). In addition, "Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ellis v. Univ. of Kansas Med. Ctr.,* 163 F.3d 1186, 1196 (10th Cir. 1998); *see also Doe by and through Doe v. Bd. of Tr. of the Teton Cnty. Sch. Dist. No. 1,* 2020 WL 13049423 at *4 (D. Wyo. 2020). Therefore, Rhodes's amended complaint should be dismissed for lack of subject matter jurisdiction. *See Williams,* 928 F.3d at 1212.

**B.     DEFENDANTS ARE NOT SUBJECT TO LIABILITY UNDER § 1983.**

42 U.S. C. § 1983 provides as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(Emphasis added).

"Section 1983 authorizes suits against 'persons,' [but] 'neither a state nor a state agency [] is a "person" for purposes of § 1983.'" *Harper v. Colorado State Bd. of Land Comm'rs,* 248 F. App'x 4, 8-9 (10th Cir. 2007) (quoting *Hartman v. Kickapoo Tribe Gaming Comm'n,* 319 F.3d 1230, 1234 (10th Cir.2003)); *accord Krebs v. El Dorado Corr. Facility,* 673 F. App'x 891, 892

4

(10th Cir. 2016) ("State agencies (including correctional facilities) are not persons under section 1983.") As a result, "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." *Howlett v. Rose,* 496 U.S. 356, 365 (1990). Consequently, Rhodes cannot assert a § 1983 claim against defendants herein.

### C. THE AMENDED COMPLAINT DOES NOT STATE A PLAUSIBLE CLAIM UNDER § 1983.

In the amended complaint, Rhodes attempts to assert a negligence claim against defendants pursuant to § 1983. (*See* ECF No. 10). However, it is well-established that "[n]egligence is not a basis for liability under § 1983 . . . ." *Darr v. Town of Telluride, Colo*, 495 F.3d 1243, 1257 (10th Cir. 2007); accord *Carter v. Wyoming Dep't of Corr.*, No. 2:23-CV-00021-SWS, 2023 WL 4339466, at *6 n. 9 (D. Wyo. June 12, 2023), *rev'd in part on other grounds*, No. 23-8044, 2024 WL 732157 (10th Cir. Feb. 22, 2024) (noting that "negligent conduct does not provide grounds for liability under § 1983"). The amended complaint thus does not state a valid § 1983 claim and should be dismissed.

### IV. CONCLUSION

This Court does not have subject matter jurisdiction over this action. Furthermore, the amended complaint does not allege any actionable claim against defendants. This Court should therefore grant defendants' motion to dismiss.

DATED this 23rd day of May, 2025.

*/s/ Katherine Diane Kleve*
Timothy W. Miller, Bar No. 5-2704
Senior Assistant Attorney General
Katherine Diane Kleve, Bar No. 8-7278
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-7083
(307) 777-8920 Facsimile
tim.miller@wyo.gov
katherine.kleve@wyo.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 23rd day of May, 2025, a true and correct copy of the foregoing **Defendants' Memorandum in Support of Defendants' Motion to Dismiss Amended Complaint Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983** was served as indicated below:

Keith Allen Rhodes                    [✓] USMAIL
PO Box 1624
Pinedale, WY 82941


Pro Se Plaintiff


                                    */s/ Kathy Lackey*
                                    Kathy Lackey, Paralegal
                                    Office of the Wyoming Attorney General

7